UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA JAMES HILL,<br><br>Plaintiff,<br><br>v.<br><br>CANYON COUNTY IDAHO DISTRICT COURT; ESTATE OF JACK DIXON BOWEN,<br><br>Defendants. | Case No. 1:25-cv-00721-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I. INTRODUCTION

Pending before the Court are Plaintiff's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) and Complaint (Dkt. 2). Plaintiff Joshua James Hill is proceeding pro se in this matter. Pursuant to 28 U.S.C. § 1915, the Court reviews Hill's request to determine whether Hill is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court also undertakes an initial review of the Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets the plaintiff possesses and that indicates the plaintiff is unable to pay

the fee required. The affidavit is sufficient if it states the plaintiff, because of poverty, cannot "pay or give security for the costs" and still be able to provide for the plaintiff and dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Though a litigant need not be destitute to proceed in forma pauperis, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Esquer v. Educ. Mgmt. Corp*., 2017 WL 11453700, at *1 (S.D. Cal. June 26, 2017) (quoting *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984)).

Hill reports average monthly income of $1,150, all from gifts, and expected income of $1,425 the following month. He reports $45 in cash, identifies no bank balances or other assets, and reports monthly expenses of approximately $1,150 (Dkt. 1 at 2–4). Based on this information, the Court is satisfied Hill cannot pay the filing fee and still provide for the necessities of life. The Court therefore grants the Application.

## III. THE SUFFICIENCY OF THE COMPLAINT

The Court must dismiss a complaint filed by a litigant proceeding in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Courts construe pro se pleadings liberally, but pro se plaintiffs still must articulate their claims clearly and allege facts sufficient to support each claim. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Hill's Complaint concerns the estate of Jack Dixon Bowen and Canyon County case number CV14-18-10108. Hill names the Canyon County Idaho District Court and the Estate of Jack Dixon Bowen as Defendants. He states that the Canyon County court will not reopen the estate case and that the Idaho Supreme Court would not accept filings concerning it. Hill further states that he never received estate assets and asks for "all of the estate assets due" (Dkt. 2 at 3–4). His civil cover sheet identifies "U.S. Amendment 6 (due process)" as the cause of action (Dkt. 2-1 at 1).

The Complaint does not state a federal claim, and some of its deficiencies cannot be cured by amendment. First, the Sixth Amendment addresses rights afforded criminal defendants, not third parties interested in probated assets. That said, construing Hill's reference to "due process" liberally as an attempt to assert a procedural due process claim, the Complaint still does not state a plausible claim. Hill does not identify the protected property interest of which he was deprived; the basis for his claimed entitlement to Bowen's estate; the person who deprived him of that interest; the process he was denied; or why the available state process was constitutionally inadequate.

Second, Hill cannot pursue a constitutional claim against the Canyon County Idaho District Court. The Eleventh Amendment bars suits in federal court against a State and its agencies or departments absent consent or a valid congressional abrogation of immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State courts are arms of the State for purposes of that immunity. *See Munoz v. Superior Ct.*, 91 F.4th 977, 980 (9th Cir. 2024). Further, a State and governmental entities that are arms of the State are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 70–71 (1989). These are legal defects that additional factual allegations against the state court cannot cure. The Complaint also alleges no facts showing that the Estate of Jack Dixon Bowen, a private party, acted under color of state law for purposes of a constitutional claim.

Third, this Court cannot grant the principal relief Hill requests. Federal courts may not probate or annul a will, administer a decedent's estate, or dispose of property in the custody of a state

probate court. *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). To the extent Hill asks this Court to reopen or administer the Bowen estate or to determine and distribute estate property as part of that administration, the Court cannot grant that relief. Hill likewise may not use this action as an appeal from a state-court decision or ask this Court to undo a state-court ruling concerning the estate. *See Noel v. Hall*, 341 F.3d 1148, 1163–65 (9th Cir. 2003).

Hill may, however, file an amended complaint if he can allege an independent federal claim against a proper defendant. Any amended complaint must identify the federal right at issue, the person who violated that right, the facts showing the violation, and must seek relief this Court has authority to grant.

## IV. CONCLUSION

The Court grants Hill's Application to Proceed In Forma Pauperis but dismisses his Complaint with leave to amend. Hill's constitutional claim against the Canyon County Idaho District Court, and any request that this Court direct or supervise the state probate proceedings, administer Bowen's estate, distribute estate property, or review and reverse an adverse state-court decision, cannot be cured by amendment and are dismissed without leave to amend. The Court will permit Hill one opportunity to allege an independent federal claim against a proper defendant.

## V. ORDER

**IT IS ORDERED that:**

1. Plaintiff Joshua James Hill's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **GRANTED**.

2. Hill's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE**. Hill's constitutional claim against the Canyon County Idaho District Court, and any request that this Court direct or supervise the state probate proceedings, administer Bowen's estate, distribute estate property, or review and reverse an adverse state-court decision, are D**ISMISSED WITHOUT LEAVE TO AMEND**.

3. Hill may file an amended complaint within **forty-five (45) days** after entry of this Order. Any amended complaint must allege an independent federal claim against a proper defendant and must comply with the requirements identified in this Order.

4. If Hill fails to timely comply with this Order, the Court will dismiss this action without further notice.

**DATED:** October 14, 2026

Amanda K. Brailsford
U.S. District Court Judge